UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN T. MUGGLEBEE,<br><br>                              Plaintiff,<br>v.<br>ALLSTATE INSURANCE COMPANY,<br><br>                              Defendant. | Case No.:  14CV2474-MMA (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S ATTORNEY DOUGLAS F. WALTERS' MOTION TO WITHDRAW AS COUNSEL**<br><br>**[Doc. No.  22]** |

On October 17, 2015, this case was removed from the Superior Court, San Diego County.  On November 9, 2015, Plaintiff's attorney Douglas F. Walters ("Walters") filed a motion to withdraw as counsel.  [Doc. No. 22.]  Defendant Allstate Insurance Company ("Defendant Allstate") does not oppose the motion.  [Doc. No. 26.]  Plaintiff Stephen T. Mugglebee ("Plaintiff Mugglebee") opposes his attorney's motion to withdraw.  [Doc. No. 28.]

### DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* S.D. Cal. Civ. R. 83.3(g).  The decision to grant or deny a motion for withdrawal is within the court's sound discretion, and courts consider the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the

harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540, 2013 WL 163420, *2 (S.D. Cal. Jan. 14, 2013). Pursuant to California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may seek to withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Further, Rule 3-700(C)(6) allows permissive withdrawal where counsel "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."

In the declaration accompanying Walters' motion, Walters states that, "it became apparent to me that certain financial conditions to my representation as set out in my retainer agreement would not be honored," and "[t]hat realization has rendered me unable to continue my representation as I do not believe I can adequately represent my client." [Doc. No. 22-1, at ¶ 3.] Walters cites other issues that have also arisen, but declines to give more detail for the sake of honoring the attorney-client privilege. Plaintiff opposes, arguing it would violate various rules of professional conduct for Walters to withdraw. [Doc. No. 28.] The crux of Plaintiff's opposition is that Walters should not have taken his case if he did not have the resources to adequately represent him.

However, Plaintiff Mugglebee's argument seems to misread Walters' motion. Walters states that it has become apparent recently—not that it was apparent at the outset of the attorney-client relationship—that financial requirements set out in their retainer agreement would not be honored. This realization has now caused Walters to feel that he cannot adequately represent Plaintiff Mugglebee. Walters has declared, under penalty of perjury, that he can no longer adequately represent Plaintiff Mugglebee in present circumstances. Plaintiff Mugglebee will not be unduly prejudiced if his attorney is allowed to withdraw, as his deadline for expert designation was recently extended to February 4, 2016, over seven weeks from the date of this Order. [Doc. No. 25.] Further, the parties may supplement their expert designations on or before March 3, 2016. [*Id.*] As such, Walters' withdrawal would also not unduly delay resolution of the case.

1    For the foregoing reasons, the Court finds good cause for Walters' withdrawal. Walters' motion to withdraw is **GRANTED**. [Doc. No. 22.]  Walters will be terminated as counsel of record for Plaintiff concurrent with the filing of this Order.  If Plaintiff Mugglebee wishes to substitute new counsel, he must notify the Court of substituted counsel within 30 days of this Order.  The Court advises Plaintiff that until he retains new counsel, he is proceeding in this matter pro se, and therefore must provide the Court with his current contact information so that the docket of the case may be updated accordingly.

**IT IS SO ORDERED.**

Dated:  December 14, 2015

Hon. Michael M. Anello
United States District Judge